# BRAMES, etc. v THE CELOTEX CORPORATION, etc., et al.
## Case No. CL 88-9463 AJ
Fifteenth Judicial Circuit, Palm Beach County

October 9, 1990

### APPEARANCES OF COUNSEL

**Steven Berger, Esquire** and **Bradley H. Trushin, Esquire,** for defendant, The Celotex Corporation.

**Ian M. Comisky, Esquire,** for plaintiffs.

### OPINION OF THE COURT

MARY E. LUPO, Circuit Judge.

*ORDER GRANTING MOTION FOR NEW TRIAL ON ALL ISSUES*

This case is presently before the court on plaintiffs' motion for new trial on damages. Ian M. Comisky, Esq. appeared for the plaintiffs; Steven R. Berger, Esq. and Bradley H. Trushin, Esq. appeared for Celotex.

The court heard argument of counsel, received memoranda and case authority, and considered proposed orders in support of each party's position.

On July 27, 1990, the court denied Celotex's motion for new trial on liability (D.E. 151) and reserved ruling on plaintiffs' motion for new trial on damages. Counsel agreed that the last memorandum would be filed by September 17, 1990.

It is hereby ORDERED AND ADJUDGED that plaintiffs' motion for new trial is granted and a new trial on all issues is hereby ordered. The trial will be set by separate court order.

The court makes the following findings:

1. Bernard Brames was diagnoses with mesothelioma on May 12, 1988 and died from the disease on August 8, 1989. He and Marie Brames were married on January 6, 1945 and enjoyed forty-four years of life together. Brames served in the military in Vietnam between 1969 and 1972. It is unrebutted that Marie Brames was totally dependent on her husband for performances of services and support. She has never worked outside the home, never learned to drive an automobile, and devoted herself full-time to her career as wife, mother and homemaker. She nursed, fed and comforted her husband as he deteriorated over 15 months from his diagnosis to his death. After the death of her husband, Marie Brames became totally dependent upon her children, and is unable to survive without their continuous assistance.

2. Joseph Brames, the youngest child, is epileptic and mentally retarded; although an adult, he depended upon Bernard Brames for support.

3. The plaintiffs' economist testified that Bernard Brames' life expectancy, absent mesothelioma, was 14.6 years; Marie Brames' life expectancy is 18.4 years. He testified to the following damages: earnings of $10,825, loss net accumulations of $34,750, medical expenses of $41,274, loss by Marie Brames of support and services of $199,272, loss by Joseph Brames of support and services of $10,831. Celotex disputed, although not vigorously, only the economic damages of Joseph Brames.

4. The interrogatory verdict is of record. The first verdict returned by the jury awarded no future economic damages to Marie or Joseph Brames. The second verdict returned by the jury awarded Marie Brames $5,000 for future loss over one year with no reduction to present value, and awarded Joseph Brames $1,000 for future loss over one year with $6,000 as the present value. Counsel agreed to waive any defects in the second verdict.

5. The jury verdict is against the manifest weight of the evidence, is grossly inadequate and shocks the conscience of the court. Either the jury did not understand or follow the instructions on damages or did

not consider all the elements of damages. The impropriety of the verdict is obvious from each of the following:

a. The economic testimony regarding lost earnings and lost net accumulations was undisputed. The jury only awarded $12,000 for lost earnings and only $2,000 for lost accumulations.

b. With respect to the survivors' loss of support and services and the widow's pain and suffering, the jury awarded grossly inadequate damages.

c. The jury initially awarded past pain and suffering damages to Mrs. Brames, but no future pain and suffering.

d. The jury awarded Mrs. Brames only $5,000 for future pain and suffering. These are grossly inadequate damages for a widow of a forty-four years marriage over her 18.4 year life expectancy.

e. The jury did not initially award damages for future loss of support and services for Joseph Brames, but only past support and services.

f. The jury awarded future support and services for only one year each to Marie Brames and Joseph Brames. There was no attempt by the jury to reduce the figures to present value.

g. For Joseph Brames, the damage award was increased from $1,000 to $6,000 as a result of the jury's computation of present value.

6. Clearly the jurors were confused about how to calculate future damages of the widow and dependent child. The jury clearly failed to consider all the factors in awarding damages and/or misunderstood the court's instructions. The award in this case to Mrs. Brames, both for pain and suffering and for loss of support and services, is grossly inadequate based upon the evidence. The award to the estate is also grossly inadequate. From the vantage point of the trial judge, in light of the evidence, the court finds that no reasonable jury could render this verdict on damages.

7. The issues of compensatory and punitive damages are interrelated. The plaintiffs sought punitive damages in twice the total amount of the compensatory damages. Based upon the argument and the evidence at trial, both compensatory and punitive damages must be retried.

8. The court is cognizant of the proper scope and standard of review it must utilize in ruling upon the plaintiff's motion for new trial. In six years, the court has only twice before granted a motion for new trial. From the vantage point of the residing judge, upon further reflection post-verdict, the court is convinced that a new trial is necessary.

9. A new trial limited to damages would be improper, unjust,

114

inequitable and contrary to the law. A new trial on both liability and damages is required where liability was not unequivocally established and where an inadequate damage award represents a possible compromise verdict on the issue of liability. Where issues of liability and damages are inseparable, a new trial must be ordered on both issues. *Brooks v Holsombach,* 525 SO.2d 910 (Fla. 4th DCA 1988); *Borges v Jacobs,* 483 So.2d 773 (Fl. 3d DCA 1986). The liability of Celotex was not unequivocally established by the evidence.

10. The plantiff argues that the evidence on liability was substantial. To grant a new trial on the issue of damages alone it must appear from the evidence that the liability of the defendant was unequivocally established without substantial dispute. The court must further find that the inadequacy of the verdict was induced by a misconception of the law, or by the jury's failure to consider all the elements of damages, *and not* as a result of a compromise by the jury on the issue of liability. *1661 Corporation v Snyder,* 267 So.2d 362 (Fla. 1st DCA 1972). The court cannot read jurors' minds. Although the amount of the compensatory damages awarded by the jury was so grossly inadequate that it shocks the conscience of the court, the court cannot find that the damage award did not result from a compromise on the issue of liability.

11. The court is well aware that this case took almost two weeks to try at tremendous expense to all parties. A retrial of the liability issue will undoubtedly increase the cost of this litigation not only to the parties but to the judicial system. Just as justice cannot be sacrificed fof efficiency, it cannot be sacrificed because it is costly.

The court reserves jurisdiction to enter further orders as may be necessary.

DONE AND ORDERED this 9th day of October, 1990 in chambers at West Palm Beach, Palm Beach County, Florida.